**SIGNED.**

Dated: July 17, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:                                    ) Chapter 7
                                          )
SAN LUIS TRUCKING, INC.,                  ) No. 0:08-bk-17990-JMM
                                          )
                    Debtor.               ) **MEMORANDUM DECISION**

This court has been called upon to referee a discovery dispute between the Chapter 7 Debtor and the National Labor Relations Board ("NLRB"). In reviewing the history of the bankruptcy proceeding, the court identifies the following undisputed and pertinent facts:

1. The Debtor filed a Chapter 7 liquidation case on December 11, 2008.
2. Deborah Bryant was appointed as the Trustee for the liquidating company. Her attorneys are Lane and Nach, P.C.
3. The Debtor filed its schedules on December 29, 2008 (DN 15) and the NLRB was listed as an unsecured creditor on Schedule F, but the Debtor did not specify an amount for the claim. This is perhaps because all or some of the NLRB claims are derivative of former employee claims.
4. The Statement of Financial Affairs was also filed on December 29, 2008 (DN 16). In that document it is disclosed that there had been an administrative proceeding of some type between the NLRB and the Debtor (Case No. 08-1176; 08-1181), the current status of which was an "appeal" (question no. 4).

5. Question no. 21(b) of the Statement of Financial Affairs reflects that the 100% shareholder of the Debtor is Factor Sales, Inc., an entity which is not in a bankruptcy proceeding. Factor Sales is represented by Barry L. Olsen in these bankruptcy proceedings (DN 28).

6. A deadline for filing claims was set for May 11, 2009 (DN 32).

7. The NLRB filed a claim for $562,646.49 on May 5, 2009.

8. Factor Sales filed a claim for $1,018,183.47 on February 17, 2009.

9. The Trustee has determined that assets exist for distribution to creditors, and she has caused sales to occur, which have produced cash for later distribution.

10. On January 29, 2009, this court signed an order for what appeared, on the surface, to be a routine request for a 2004 examination in favor of the NLRB (DN 27).

11. That 2004 request has now spawned disputes over production of documents and information, between the Debtor and the NLRB.

12. The claims of Factor Sales and the NLRB are the only claims filed in this case.

## **THE LAW**

A liquidation under Chapter 7 means that the debtor has ceased operations. The trustee's role is to expeditiously liquidate the assets, and then to pay claims. 11 U.S.C. § 704(a)(1). Validly filed and timely claims are then paid pro rata, in accordance with Chapter 7's statutory distribution scheme. *See* § 726.

The trustee is the representative of the estate. § 323(a). Until the trustee makes a decision to abandon property as unnecessary or having no value to the estate, § 554, it remains subject to the trustee's control, and only the trustee's control. In this case, the docket does not reflect

any application by the Trustee to abandon any asset of the estate. This property, or "bundle of rights," includes documents, papers and records of the Debtor.

Eventually, the Trustee will distribute all tangible assets of value to those who filed valid claims, and the case will be closed. Whether Factor Sales, as the 100% owner of the Debtor's stock, is a true creditor or is subject to insider subordination, will no doubt be an issue which the Trustee will have to grapple with as the case approaches its conclusion.

The existing simmering dispute over production of documents in this case seems to have no relevance to the purpose of the Chapter 7. None of the Debtor's or the NLRB's pleadings reflect how the dispute will <u>assist the Trustee</u> in finding and liquidating assets, or in deciding whether Factor Sales' claim is subject to objection or subordination.

Eventually, the NLRB's proof of claim will either be honored or disputed by the Trustee. If honored, it will receive its pro rata share. If not, it won't. But once it gets a share or it doesn't, its claim against <u>this</u> Debtor ends. The same holds true for the only other claim filed, that of Factor Sales.

The current dispute over records production seems to be going nowhere and is serving no bankruptcy purpose.

The purpose of a 2004 examination is to allow a creditor to inquire into the "acts, conduct or property of a debtor." FED. R. BANKR. P. 2004. In a Chapter 7 case, such an examination can only serve very limited purposes, because a corporate debtor is no longer operating, and a trustee is charged only with liquidating available assets or pursuing causes of action which might produce monetary assets. In an individual case, a 2004 examination might be used to inquire into the Debtor's undisclosed and unscheduled assets, or to find out motives for pre-bankruptcy conduct that could perhaps lead to a non-dischargeability complaint (§ 523) or an objection to discharge (§ 727).

But since a corporate debtor receives no discharge, and its existence ends, there are no future assets available to satisfy claims that, in a consumer case, might otherwise remain non-dischargeable.

Therefore, a 2004 examination, unless used in a corporate case to ferret out the <u>debtor's</u> assets, serves no visible bankruptcy purpose, and simply perpetuates simmering ill-will between adverse parties, costing everyone unnecessary time and expense.

In the usual case, if a creditor suspects that a debtor may be withholding information regarding assets, it shares its suspicions with the trustee, who will then pursue the issue for the benefit of all creditors.

In this case, the court does not perceive that the underlying reasons for the 2004 request serve the liquidation purposes of the Code. Consequently, the court will leave it to the Trustee, in her impartial capacity, to decide whether reasons exist to continue with the Debtor - NLRB disagreements. If so, then the <u>Trustee</u> is the appropriate party to bring any lack of cooperation, by the Debtor, to the attention of the court, for resolution.

**<u>RULING</u>**

Because there appears to be no bankruptcy purpose to be served by this court's 2004 order entered January 29, 2004 (DN 27), the same will be ORDERED QUASHED.

Should the NLRB seek to examine documents, the proper individual with whom to deal is the Trustee, who owns and legally controls the Debtor's records. The Trustee then, should she deem it appropriate, shall make such decisions as to whether further inquiry will lead to the discovery of assets, or assist her in objecting to claims.

It will therefore be ORDERED DENYING the Debtor's protective order request, as moot.

A separate order will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

| | |
|---|---|
| 1 | COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following: |
| 2 | |
| 3 | Jonathan M. Saffer, Attorney for Debtor |
| 4 | David A. Kelly<br>National Labor Relations Board Region 28<br>2600 North Central Avenue, Suite 1800 |
| 5 | Phoenix, AZ 85004 |
| 6 | Deborah Bryant, Trustee |
| 7 | Adam B. Nach, Attorney for Trustee |
| 8 | Office of the U.S. Trustee |